UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Clarence T. Fox, Jr., #08861-017, | ) | C/A No.: 2:07-cv-03051-GRA-RSC |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| M.L. Rivera, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.  Petitioner filed this action on September 10, 2007 and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  The magistrate recommended that the petition be dismissed without prejudice and without requiring the respondents to file a return because petitioner's claims are not cognizable under 28 U.S.C. § 2241.  For the following reasons, the Court accepts the recommendation of the magistrate.

Petitioner is proceeding *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner timely filed objections to the magistrate's Report and Recommendation on September 18, 2007.

2

Petitioner objects that his claim is properly cognizable under § 2241 and that it was incorrect for the magistrate to construe his claim as one under § 2255. Specifically, Petitioner argues that he "is not challenging his conviction or sentence, but he is contesting the way the Bureau of Prisons is computing his sentence within the Bureau of Prisons to place him under the Sentencing Reform Act of 1984 (new law)." Petr.'s Obj. p. 1.   The Court disagrees.

Essentially, Petitioner challenges the imposition of his sentence, not the execution of it. He argues that the Bureau of Prisons should not have applied the Sentencing Reform Act of 1984, because "there is no evidence that he had criminal activity on or after November 1, 1987 or November 18, 1988, regarding his conspiracy conviction to show that he is not entitled to parole under pre-guidelines." Petr.'s Obj. p. 2. He maintains that the Sentencing Reform Act of 1984 should not have been applied to his case and that he is eligible for parole and should be granted a parole hearing. However, Petitioner's claims are misplaced. As the Second Circuit stated:

> A challenge to the *execution* of a sentence-in contrast to the *imposition* of a sentence-is properly filed pursuant to § 2241.  Execution of a sentence includes matters such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." This distinction between sentence validity and sentence execution is grounded in the plain language of the more specific statute, § 2255 , which does not recognize challenges to the manner of carrying out a prisoner's sentence.

3

*Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (citations omitted).  Further, other circuits have addressed this very issue and held that § 2241 is not the proper mechanism for obtaining relief.  *See Ross v. Veach*, 218 Fed. App'x. 508, 2007 WL 648182, *1 (7th Cir. Feb. 26, 2007); *North v. Yusuff*, 253 F.3d 701, 2001 WL 498809, *1 (5th Cir. April 10, 2001)*.*

Section 2255 provides a prisoner with an avenue to collaterally attack the sentence imposed upon him if a miscarriage of justice has occurred.  *U.S. v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999).  However, relief under § 2255 may only be provided by the sentencing court, which, in this case, is in the Northern District of Florida.  Section 2255 provides that a prisoner who wishes to collaterally attack his sentence "may move the *court which imposed* the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added).  To the extent that Petitioner contends that the sentencing court erred in sentencing him, his claim is not proper in a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Instead, Petitioner should raise these claims under § 2255.

As the magistrate noted, however, Petitioner has previously filed six actions in the Northern District of Florida which were construed as § 2255 petitions. Report and Recommendation, p. 2.  Before the petitioner attempts to file another petition, he must seek and obtain leave to file a successive petition from the United States Court of Appeals for the Eleventh Circuit.

4

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the petition be DISMISSED without prejudice and without requiring the respondents to file a return.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 2, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date this Order is filed, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.